# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE: <br> 7 Lane Road, Greene, ME 04236 |
| **Robert L. Morin and Linda A. Morin** | Mortgage: <br> December 10, 2005 <br> Book 6609, Page 311 |
| **Defendants** <br> **Midland Funding LLC** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Robert L. Morin and Linda A. Morin, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, in which the Defendant, Robert L. Morin, is the obligor and the total amount owed under the terms of

the Note is One Hundred Forty-Five Thousand Five Hundred Three and 03/100 ($145,503.03) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II is a corporation with its principal place of business located at 425 Walnut St, Cincinnati, OH 45202.

5. The Defendant, Linda A. Morin, is a resident of Altamonte Springs, County of Seminole and State of Florida.

6. The Defendant, Robert L. Morin, is a resident of Greene, County of Androscoggin and State of Maine.

7. The Party-in-Interest, Midland Funding LLC, is located at c/o Corporation Service Company 45 Memorial Circle, Augusta, ME 04330.

## FACTS

8. On August 8, 1994, by virtue of a Warranty Deed from Marilyn Kaye Morin, which is recorded in the Androscoggin County Registry of Deeds in **Book 4423, Page 195**, the property situated at 7 Lane Road, City/Town of Greene, County of Androscoggin, and State of Maine, was conveyed to Robert L. Morin, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On December 10, 2005, Defendant, Robert L. Morin, executed and delivered to Countrywide Home Loans, Inc. a certain Note under seal in the amount of $83,900.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on December 10, 2005, Defendants, Robert L. Morin and Linda A. Morin executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Home Loans, Inc., securing the property located at 7 Lane Road, Greene, ME 04236 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 6609**, **Page 311**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bank of America, N.A., as successor-by-merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated September 19, 2011 and recorded in the Androscoggin County Registry of Deeds in **Book 8248**, **Page 43**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated March 12, 2014 and recorded in the Androscoggin County Registry of Deeds in **Book 8881**, **Page 303**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated November 21, 2017 and recorded in the Androscoggin County Registry of Deeds in **Book 9751**, **Page 102**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Corrective Quitclaim Assignment dated November 8, 2018 and recorded in the

Androscoggin County Registry of Deeds in **Book 9972**, **Page 121**. *See* Exhibit G (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

15. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II by virtue of an Assignment of Mortgage dated January 28, 2020 and recorded in the Androscoggin County Registry of Deeds in **Book 10297**, **Page 10**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On September 15, 2014, a decree of divorce became final between, the Defendants, Robert L. Morin and Linda A. Morin.

17. On April 9, 2021, the Defendants, Robert L. Morin and Linda A. Morin, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Robert L. Morin and Linda A. Morin, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

19. The Defendants, Robert L. Morin and Linda A. Morin, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,077.07 dated April 11, 2018, and recorded in the Androscoggin County Registry of Deeds in **Book 9842**, **Page 201** and is in second position behind Plaintiff's Mortgage.

24. The total debt owed under the Note and Mortgage as of June 11, 2021 is One Hundred Forty-Five Thousand Five Hundred Three and 03/100 ($145,503.03) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $68,249.21 |
| Interest | $30,433.20 |
| Total Advances | $45,263.72 |
| Recoverable Balance | $1,701.00 |
| Funds to be Credited | $-144.10 |
| Grand Total | $145,503.03 |

25. Upon information and belief, the Defendants, Robert L. Morin and Linda A. Morin, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 7 Lane Road, Greene, County of Androscoggin, and State of Maine. *See* Exhibit A.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the

previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendants, Robert L. Morin and Linda A. Morin, are presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note. The Defendant, Linda A. Morin, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Linda Morin, but only seeks in rem judgment against the property.

31. The total debt owed under the Note and Mortgage as of June 11, 2021 is One Hundred Forty-Five Thousand Five Hundred Three and 03/100 ($145,503.03) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $68,249.21 |
| Interest | $30,433.20 |
| Total Advances | $45,263.72 |
| Recoverable Balance | $1,701.00 |
| Funds to be Credited | $-144.10 |
| Grand Total | $145,503.03 |

32. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendants, Robert L. Morin and Linda A. Morin's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Robert L. Morin and Linda A. Morin, on April 9, 2021, evidenced by the Certificate of Mailing. *See* Exhibit I.

35. The Defendants, Robert L. Morin and Linda A. Morin, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. On December 10, 2005, the Defendant, Robert L. Morin, executed under seal and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $83,900.00. *See* Exhibit B.

38. The Defendant, Robert L. Morin, is in default for failure to properly tender the May 1, 2014 payment and all subsequent payments. *See* Exhibit I.

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Robert L. Morin.

40. The Defendant, Robert L. Morin, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

41. The Defendant Robert L. Morin's breach is knowing, willful, and continuing.

42. The Defendant Robert L. Morin's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

43. The total debt owed under the Note and Mortgage as of June 11, 2021, if no payments are made, is One Hundred Forty-Five Thousand Five Hundred Three and 03/100 ($145,503.03) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $68,249.21 |
| Interest | $30,433.20 |
| Total Advances | $45,263.72 |
| Recoverable Balance | $1,701.00 |
| Funds to be Credited | $-144.10 |
| Grand Total | $145,503.03 |

44. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendant, Robert L. Morin, entered into a written contract with Countrywide Home Loans, Inc. who agreed to loan the amount of $83,900.00 to the Defendant. *See* Exhibit B.

47. As part of this contract and transaction, the Defendants, Robert L. Morin and Linda A. Morin, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the proper holder of the Note and successor-in-interest to Countrywide Home Loans, Inc., and has performed its obligations under the Note and Mortgage.

49. The Defendants, Robert L. Morin and Linda A. Morin, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2014 payment and all subsequent payments. *See* Exhibit I.

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Robert L. Morin.

51. The Defendants, Robert L. Morin and Linda A. Morin, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

52. The Defendants, Robert L. Morin and Linda A. Morin, are indebted to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II in the sum of One Hundred Forty-Five Thousand Five Hundred Three and 03/100 ($145,503.03) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, to the Defendants. The Defendant, Linda A. Morin, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Linda Morin, but only seeks in rem judgment against the property.

53. Defendants Robert L. Morin and Linda A. Morin's breach is knowing, willful, and continuing.

54. Defendants Robert L. Morin and Linda A. Morin's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Note and Mortgage as of June 11, 2021, if no payments are made, is One Hundred Forty-Five Thousand Five Hundred Three and 03/100 ($145,503.03) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $68,249.21 |
| Interest | $30,433.20 |
| Total Advances | $45,263.72 |
| Recoverable Balance | $1,701.00 |

| | |
|---|---:|
| Funds to be Credited | $-144.10 |
| Grand Total | $145,503.03 |

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. Countrywide Home Loans, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, loaned Defendant, Robert L. Morin, $83,900.00. *See* Exhibit B.

59. The Defendants, Robert L. Morin and Linda A. Morin, are in default for failure to properly tender the May 1, 2014 payment and all subsequent payments. *See* Exhibit I.

60. As a result of the Defendants Robert L. Morin and Linda A. Morin's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II.

61. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

62. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. Countrywide Home Loans, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, loaned the Defendant, Robert L. Morin, $83,900.00. *See* Exhibit B.

64. The Defendants, Robert L. Morin and Linda A. Morin, have failed to repay the loan obligation.

65. As a result, the Defendants, Robert L. Morin and Linda A. Morin, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II as successor-in-interest to Countrywide Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

66. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, upon the expiration of the period of redemption;

c) Find that the Defendant, Robert L. Morin, is in breach of the Note by failing to make payment due as of May 1, 2014, and all subsequent payments;

d) Find that the Defendants, Robert L. Morin and Linda A. Morin, are in breach of the Mortgage by failing to make payment due as of May 1, 2014, and all subsequent payments;

e) Find that the Defendants, Robert L. Morin and Linda A. Morin, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Robert L. Morin and Linda A. Morin, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2014 and all subsequent payments;

g) Find that The Defendant, Linda A. Morin, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Linda Morin, but only seeks in rem judgment against the property.

h) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Robert L. Morin and Linda A. Morin have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, to restitution;

k) Find that the Defendants, Robert L. Morin and Linda A. Morin, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, for money had and received;

l) Find that the Defendants, Robert L. Morin and Linda A. Morin, are liable to the Plaintiff for quantum meruit;

m) Find that the Defendants, Robert L. Morin and Linda A. Morin, have appreciated and retained the benefit of the Mortgage and the subject property;

n) Find that it would be inequitable for the Defendants, Robert L. Morin and Linda A. Morin, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

o) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to restitution for this benefit from the Defendants, Robert L. Morin and Linda A. Morin;

p)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

q)  Additionally, issue a money judgment against the Defendant, Robert L. Morin, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, in the amount of One Hundred Forty-Five Thousand Five Hundred Three and 03/100 ($145,503.03 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

r)  For such other and further relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,
                                            U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II,
                                            By its attorneys,

Dated: June 29, 2021

                                            /s/Reneau J. Longoria, Esq.
                                            Reneau J. Longoria, Esq., Bar No. 5746
                                            Attorneys for Plaintiff
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center, Suite 303C
                                            Beverly, MA 01915
                                            (978) 921-2670
                                            RJL@dgandl.com