UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSRMF MH MASTER PARTICIPATION TRUST II, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:21-cv-00175-JAW |
| ROBERT L. MORIN AND LINDA A. MORIN, | ) ) ) | |
| Defendants, | ) ) | |
| MIDLAND FUNDING LLC, | ) ) | |
| Party-in-Interest. | ) | |

**ORDER ON DEFENDANT'S MOTION TO REMAND TO STATE COURT**

In response to the mortgagor's motion to remand this foreclosure action to state court to participate in the state of Maine's mandatory foreclosure mediation program, the Court denies the request because remand is neither appropriate nor necessary. However, without remand, the Court orders the parties to submit to the Maine Foreclosure Diversion Program.

**I.      PROCEDURAL HISTORY**

On June 29, 2021, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II (U.S. Bank), filed a complaint for foreclosure of a mortgage on a parcel owned by Robert L. Morin at 7 Lane Road, Greene, Maine. U.S. Bank asserts that it is the current holder of a promissory note secured by a mortgage deed executed by Mr. Morin and Linda A. Morin, and alleges that Robert and Linda Morin failed to

repay the loan obligation. *Compl.* (ECF No. 1). On August 3, 2021, Mr. Morin filed a motion to remand the foreclosure proceedings to a state mediation program. *Def.'s Mot. to Remand to State Ct.* (ECF No. 6) (*Def.'s Mot.*). On August 24, 2021, U.S. Bank responded in opposition to Mr. Morin's motion for remand of the case to state court and/or referral to state court. *Resp. to Def.'s Mot. for Referral to Foreclosure Diversion Program* (ECF. No. 8) (*Pl.'s Opp'n*).

## II. THE PARTIES' POSITIONS

### A. Robert Morin's Motion

Robert Morin requests that the proceedings be "moved back to state court to the foreclosure division program of Androscoggin County." *Def.'s Mot.* Mr. Morin reasons that proceeding with this foreclosure action in federal court "denies [him] the right to mediation." *Id.*

### B. U.S. Bank's Opposition

In response, U.S. Bank urges that "the Motion to Refer the matter to the State Diversion Program be stayed or denied without prejudice and that the Court refer the parties to Federal Mediation pursuant to Local Rule 83.11," noting that "a reference could mean the matter would be delayed indefinitely." *Id.* at 1. U.S. Bank asserts that Local Rule 83.11 "is clearly applicable" here, and "as a matter of law, reference to the state mediation program is not appropriate and completion or waiver of the state program is not a prerequisite to a judgment of foreclosure and sale in this Court." *Id.* at 2. U.S. Bank cites United States District Judge Hornby's opinion in *Residential Mortgage Loan Trust 2012-TT2 v. Lloyd*, arguing that "use of the state

2

so-called 'foreclosure diversion program' . . . is not required in a foreclosure brought in federal court." *Id.* (citing *Lloyd*, 2:15-cv-00466-DBH, 2016 U.S. Dist. LEXIS 89328 (D. Me. July 11, 2016)).

Finally, U.S. Bank alleges that "the state program utilizes out of date documentation such as a 'net present value' analysis, which is no longer utilized in any federal program (such as HAMP) and has incorrect or misleading assumptions which have not been updated in years." *Id.* U.S. Bank concludes that "the state program is authorized under the Maine Rules of Civil Procedure and therefore should not be imposed in this federal proceeding." *Id.* (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Urging the Court to select federal mediation services if it orders mediation participation, U.S. Bank reasons that "[r]eferring the matter for a Judicial Settlement Conference addresses the Defendant's desire to mediate his claim without undue hardship created by the delay in resumption of the mediation program." *Id.*

### III. DISCUSSION

#### A. Substantive, Procedural, or Intertwined

U.S. Bank asserts that the Maine Foreclosure Program (FDP) is procedural, not substantive, and thus inapplicable in foreclosure cases brought in federal court on diversity jurisdiction. *Pl.'s Opp'n* at 2 (citing *Erie*, 304 U.S. 64; *Lloyd*, 2016 U.S. Dist. LEXIS 89328). In this District, however, Chief Judge Levy and Judge Torresen have directly addressed this exact issue, eclipsing and distinguishing *Lloyd*. *See Private Capital Fund LLC v. Begg*, No. 2:21-cv-00090-JDL, 2021 U.S. Dist. LEXIS 146961, 2021 WL 3422371 (D. Me. Aug. 5, 2021); *HSBC Bank USA, Nat'l Ass'n v.*

3

*Lombardo,* No. 2:19-cv-00291-NT, 2020 U.S. Dist. LEXIS 194419, 2020 WL 6136213 (D. Me. Oct. 19, 2020).

Upon motion to refer such cases to state mediation, *Begg* and *Lombardo* ordered the parties to apply for participation in the FDP, finding the mediation requirement to be a substantive part of Maine foreclosure law that the federal courts must follow. *Begg,* 2021 U.S. Dist. LEXIS 146961, at *9 ("In sum, the [FDP]—established to achieve the public policy of minimizing the number of owner-occupied Maine residential properties subject to a foreclosure sale—is substantive for *Erie* purposes"); *Lombardo,* 2020 U.S. Dist. LEXIS 194419, at *16-17 ("I conclude that the (FDP) has both procedural and substantive components, and that the FDP's procedural design 'is so intertwined with a state right or remedy that it functions to define the scope of the state-created right'" (quoting *Godin v. Schencks,* 629 F.3d 79, 89 (1st Cir. 2010) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 550 U.S. 393, 423 (2010) (Stevens, J., concurring))). Following the considered opinions of the judges of this District, this Court similarly holds that the Maine statute underlying the FDP is a matter of substantive state law, and this Court must enforce it under *Erie*.

B. **The Foreclosure Diversion Program**

The Maine Legislature enacted the FDP under 14 M.R.S. § 6321-A and directed the Maine Supreme Judicial Court to adopt rules to establish the program. *See* 14 M.R.S. § 6321-A(3). In compliance with the legislative mandate, the Maine Supreme Judicial Court promulgated Maine Rule of Civil Procedure 93. *See Lombardo,* 2020

4

U.S. Dist. LEXIS 194419, at *1 (detailing the FDP's origins). 14 M.R.S. § 6321 and Maine Rule 93 "require prompt court referral to mediation in any applicable foreclosure action where a homeowner files an answer or otherwise appears." *Id.* at *2. Parties are required to engage in good faith with the FDP process, and "[i]f mediation is not successful, the case is returned to the court's docket and the litigation progresses." *Id.* at *3-4.

### C. *Residential Mortgage Loan Trust 2012-TT2 v. Lloyd*

In urging the Court to deny Mr. Morin's request, U.S. Bank cites *Lloyd* for the proposition that participation in the FDP "is not required in a foreclosure brought in federal court." 2016 U.S. Dist. LEXIS 89328; *Pl.'s Opp'n* at 2. *Begg* and *Lombardo* addressed *Lloyd*'s applicability to situations such as Mr. Morin's. *Begg*, 2021 U.S. Dist. LEXIS 146961, at *4-5; *Lombardo*, 2020 U.S. Dist. LEXIS 194419, at *7-10. *Begg* explained that U.S. Bank's position here is "a mischaracterization of the ruling in *Lloyd*." 2021 U.S. Dist. LEXIS 146961, at *5. "The defendant in *Lloyd* had not sought referral to the [FPD] but, rather, outright dismissal of the federal proceeding." *Id.* On the issue of Mr. Morin's right to participate in Maine's FDP, "[r]eferring this case . . . is not in conflict with the analysis or outcome in *Lloyd*," which turned on jurisdiction rather than on *Erie* questions regarding the substantive nature of the program itself. *Id.* at *6.

### D. *Erie* Concerns

U.S. Bank further relies on *Erie*, but again, *Begg* and *Lombardo* addressed *Erie* and held that the FDP is substantive for *Erie* purposes. "As explained in *Lombardo*,

5

the enactment of the [FPD] during the foreclosure crisis 'marked a substantive change in Maine law.'" *Id.* at *7 (citing *Lombardo*, 2020 U.S. Dist. LEXIS 194419, at *5). The program was specifically designed to provide substantive protections to Maine homeowners, and recent state foreclosure statistics reflect its practical effectiveness. *Id.* "Moreover, disregarding the [FPD] in cases filed in federal court would undermine *Erie*'s dual aims: discouraging forum-shopping and avoiding inequitable administration of the laws." *Id.* at *8.

### E. Maine Rule of Civil Procedure 93

*Begg* also addressed U.S. Bank's contention that the FDP's "authoriz[ation] under the Maine Rules of Civil Procedure" renders it procedural, and thus inapplicable here by this Court. *Id.*; *Pl.'s Opp'n* at 2. "[A]s courts have frequently explained, the label that a state gives to a particular rule is 'immaterial' in determining whether it must be applied in a federal court sitting in diversity." *Id.* (quoting *Guaranty Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945)). As this Court quoted above, Chief Judge Levy wrote in *Begg*: "In sum, the [FDP]—established to achieve the public policy of minimizing the number of owner-occupied Maine residential properties subject to a foreclosure sale—is substantive for *Erie* purposes and must be applied in this diversity case." *Id.* at *9. U.S. Bank urges the Court to order federal court mediation in lieu of participation in the state FCP, however, the Court will abide by the terms of the substantive state law, which expressly requires use of the Maine FCP, not an alternative program.

### F. District of Maine Local Rule 83.11

U.S. Bank still insists that Local Rule 83.11 "is clearly applicable" here, and thus "as a matter of law, reference to the state mediation program is not appropriate, and completion or waiver of the state program is not a prerequisite to a judgment of foreclosure and sale in this Court." *Pl.'s Opp'n* at 1. *Begg* and *Lombardo* concluded that Local Rule 83.11 conflicts with Maine's mandatory mediation requirement. *Begg*, 2021 U.S. Dist. LEXIS 146961, at *10; *Lombardo*, 2020 U.S. Dist. LEXIS 194419, at *21. Regarding Local Rule 83.11's validity in foreclosure cases, *Begg* and *Lombardo* reasoned that "the [FDP], albeit procedural in name and, in part, method, is 'so intertwined with [Maine's] substantive reforms to its foreclosure laws that it functions to define the scope of [a] state-created right'" and thus is a substantive part of Maine law. *Begg*, 2021 U.S. Dist. LEXIS 146961, at *11 (quoting *Lombardo*, 2020 U.S. Dist. LEXIS 194419, at *10). "Accordingly, applying Local Rule 83.11 to preclude mandatory mediation in this case would exceed the capacity of a federal rule under the Rules Enabling Act." *Id.*[1] The Court similarly finds that requiring Mr. Morin and U.S. Bank to comply with the FDP "is consistent with th[e] substantive goal of the program," namely to foster foreclosure negotiations between mortgagors and mortgagees. *Lombardo*, 2020 U.S. Dist. LEXIS 194419, at *26-27. "Mediation in residential foreclosure cases on the request of a defendant homeowner" is mandatory under Maine's substantive law. *Begg*, 2021 U.S. Dist. LEXIS 146961, at *11.

### G. A Hardship to the Mortgagee

---

[1] Both *Begg* and *Lombardo* limited their holdings regarding the validity of Local Rule 83.11 to where it conflicts with Maine's "substantive foreclosure law requiring mediation through the Foreclosure Diversion Program in certain residential foreclosure cases." *Begg*, 2021 U.S. Dist. LEXIS 146961, at *11 n.5. (citing *Lombardo*, 2020 U.S. Dist. LEXIS 194419, at *10).

U.S. Bank's final protest against mandatory FDP participation alleges hardships associated with state mediation. *Pl.'s Opp'n* at 2. *Begg* addressed the exact same concerns about delayed proceedings, the FDP's flawed reliance on "out of date documentation," and "incorrect or misleading assumptions which have not been updated in years," but found they do not constitute an undue burden. *Id.*; 2021 U.S. Dist. LEXIS 146961, at *11. "In keeping with the Rules of Decision Act and *Erie*, a federal court is bound to apply substantive state law regardless of that law's merits, and [plaintiff] does not suggest that referral to the [FDP] would abridge or even conflict with its own federally-protected rights. If [plaintiff] believes that the [FDP] moves too slowly or uses outdated methodologies, it should direct those objections to Maine's lawmakers and the Program's administrators." *Id.* at *12. The Court agrees that "'the federal interest in ensuring uniformity of outcome by applying the state rule in [foreclosure] actions brought in federal courts far outweighs any burden imposed by the [mediation] requirement.'" *Lombardo*, 2020 U.S. Dist. LEXIS 194419, at *27 (quoting *Feinstein v. Mass. General Hosp.*, 643 F.2d 880, 890 (1st Cir. 1981)).

IV. **CONCLUSION**

The Court DENIES Robert L. Morin's Motion to Remand to State Court (ECF No. 6). However, the Court ORDERS the parties to apply to the Foreclosure Diversion Program found in Maine law under 14 M.R.S. § 6321-A and Maine Rule of Civil Procedure 93(c)(1). In accordance with Maine Rule 93(c)(1), the parties shall make good faith efforts to complete and shall file within fourteen days of this Order the notice and any other required documents necessary to initiate mediation pursuant to

8

the FDP. Within seven days of learning whether the case has been accepted for mediation, the parties shall file a joint status report with the Court notifying the Court whether mediation will proceed. If the case is accepted for mediation by the FDP, the parties shall participate in good faith and comply with all applicable requirements. The parties shall file a joint status report with the Court every ninety days while the mediation process remains ongoing and a joint status report with the Court within fourteen days of the completion of the mediation process.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2021